UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL L. SLIPTCHUIK,**

      **Plaintiff,**

v.                                                                  Case No:  6:13-cv-460-Orl-28GJK

**ING BANK, FSB, ANY AND ALL UNKNOWN
PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN
NAMED INDIVIDUAL DEFENDANT(S) WHO
ARE NOT KNOWN TO BE DEAD OR ALIVE,
WHETHER SAID UNKNOWN PARTIES MAY
CLAIM AN INTEREST,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **DEFENDANT'S MOTION TO DISMISS (Doc. No. 14)**
>
> **FILED:**       April 8, 2013
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND.**

Plaintiff is the titled owner of real property located at 151 Bluff Terrace, Melbourne, Florida 32901 (the "Property"). Doc. No. 2 at ¶ 2.[1] On October 26, 2007, Plaintiff, as trustee of the Michael L. Sliptchuick Trust Dated April 5, 1989 (the "Trust"), mortgaged the Property to

---

[1] For purposes of this report and recommendation, the allegations in the complaint (Doc. No. 2) are taken as true.

ING Bank, FSB (the "Defendant") in exchange for a $196,000.00 note secured by the Property. Doc. No. 2 at 7. On November 1, 2007, Defendant recorded the mortgage. Doc. No. 2 at ¶ 4. Between June 30, 2012 and August 10, 2012, Plaintiff sent Defendant two letters demanding that Defendant prove it lent money to Plaintiff in exchange for a mortgage on the Property. Doc. No. 2 at ¶ 5, Exhibit C at 22-40. Defendant did not respond to Plaintiff's demands. *See* Doc. No. 2 at ¶ 6. Between August 10, 2012 and September 26, 2012, Plaintiff sent Defendant two more letters demanding that it remove its mortgage on the Property. Doc. No. 2 at ¶ 8, Exhibit C at 41-59. On September 26, 2012, Plaintiff, as trustee of the Trust, executed a quit claim deed to the Property to himself, individually. Doc. No. 2 at ¶ 2, Exhibit A at 5-6.

On December 6, 2012, Plaintiff, proceeding pro se, filed a "Verified Complaint to Quiet Title" (the "Complaint") in the Eighteenth Judicial Circuit Court of Florida against Defendant seeking to quiet title on the Property. Doc. No. 2 at 1-4. The gravamen of the Complaint is that Defendant's mortgage on the Property is invalid and unenforceable because Defendant failed to prove that it lent any money to Plaintiff in exchange for a mortgage on the Property. Doc. No. 2 at 2-3. As such, the Complaint alleges that Defendant's mortgage is a cloud on the title (Doc. No. 2 at ¶ 10) and requests that the Court quiet title on the Property by declaring the mortgage "null and void." Doc. No. 2 at 3.[2]

On March 21, 2013, the matter was removed to this Court on the basis of diversity jurisdiction. Doc. No. 1. On April 8, 2013, Defendant filed a Motion to Dismiss the Complaint (the "Motion"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Doc. No. 14. In it, Defendant argues that the Complaint should be dismissed with prejudice because it fails to state a claim upon which relief can be granted, and is frivolous on its face. Doc. No. 14 at 5-10. On April 16, 2013, Plaintiff filed a response (the "Response"). Doc. No. 15. In it, Plaintiff argues

---

[2] The Complaint also seeks an award of costs. Doc. No. 2 at 3.

that the Complaint does state a claim upon which relief can be granted. Doc. No. 15 at 2-5. As a result, Plaintiff requests that the Court either deny the Motion or, in the alternative, grant Plaintiff leave to file an amended complaint. Doc. No. 15 at 5. Also, in the Response, Plaintiff argues that the Court lacks subject matter jurisdiction over this case, and requests that it be remanded back to state court. Doc. No. 15 at 5-8.[3]

## II.  STANDARD OF REVIEW.

Rule 8(a)(2), Federal Rules of Civil Procedure, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8's pleading standard does not require detailed factual allegations, it demands more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).[4] Therefore, "[t]hreadbare recitals of the elements of a cause of action" will not suffice unless they are supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court "must accept as true all of the allegations contained in a complaint," but it does not have to accept as true a plaintiff's legal conclusions. *Id*. Rather, legal conclusions can "provide the framework of a complaint" but "must be supported by factual allegations." *Id*. at 679.

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a

---

[3] A response to a motion to dismiss the complaint is not the proper venue to raise an argument challenging the Court's subject matter jurisdiction. The scope of a response to any motion is limited to the issues raised in the motion.  *See* Local Rule 3.01(b) "Each party opposing a motion . . . shall file . . . a response that includes a memorandum of legal authority in *opposition to the request*[.]") Accordingly, the Court will not address Plaintiff's argument concerning the Court's subject matter jurisdiction over this case. If Plaintiff wishes to renew his argument concerning the Court's subject matter jurisdiction, he must do so in a motion.

[4] The fact that Plaintiff is proceeding pro se does not materially alter the Court's standard of review. "While the pleadings of pro se litigants are 'liberally construed,' *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Further, the Court is under no obligation to rewrite a pleading for a pro se party. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (citing *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993)).

complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, the "factual allegations must be enough to raise a right to relief above the speculative level," and those facts must "state a claim for relief that is plausible on its face" and not merely conceivable. *Twombly*, 550 U.S. at 555, 570. A complaint is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard is not a "probability requirement." *Id*. A court must only find something more than a "sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 555 U.S. at 563).

### III.   ANALYSIS.

In Florida, to state a claim to quiet title against an alleged cloud on the title, a plaintiff must allege that he or she: 1) has title to the subject property; 2) there is a cloud on the title; and 3) the cloud – that is, the defendant's claim to the title – is invalid. *Stark v. Frayer*, 67 So.2d 237, 239 (Fla. 1953); *accord Trs. Of Internal Improvement Fund of Fla. V. Sutton*, 206 So.2d 272, 274 (Fla. 3d DCA 1968) ("It is well settled that he who comes into equity to get rid of a cloud upon his own title must show clearly the validity of his own title and the invalidity of his opponents.").

Here, Plaintiff fails to allege facts that plausibly demonstrate that Defendant's mortgage on the Property creates a cloud on the title. Plaintiff's allegation that Defendant's mortgage is invalid is premised on Plaintiff's subjective belief that Defendant's lack of response to Plaintiff's letters demanding proof that it lent Plaintiff money operated to invalidate Defendant's interest in the Property. *See* Doc. No. 2 at ¶¶ 5-10. Accepting the fact allegations in the Complaint as true does nothing to demonstrate that Defendant's mortgage is invalid. Indeed, Plaintiff cites no legal

authority holding that a mortgage is rendered invalid simply because the defendant mortgagee did not respond to plaintiff's letters demanding proof that it lent plaintiff money. Consequently, the Complaint fails to properly allege a cloud of title, and, therefore, fails to state a claim upon which relief can be granted. *See Pullar, et al v. Home Loan Center, Inc., et al*, 6:13-cv-369-Orl-37GJK, 2013 WL 2432147 at *2 (M.D. Fla. June 4, 2013) (finding a similar argument insufficient to state a claim upon which relief can be granted); *Lane, et al v. Guaranty Bank, et al*, 6:13-cv-85-Orl-18DAB, 2013 WL 1296751 at *2 (M.D. Fla. Apr. 1, 2013) (same); *Barrios v. Regions Bank*, No. 5:13-cv-29, Doc. No. 31 at 3-4 (M.D. Fla. Mar. 29, 2013) (Conway, C.J.) (finding a similar argument to be frivolous and unsupported by any legal authority). Accordingly, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 14).

Having found that the Complaint fails to state a claim upon which relief can be granted, the Complaint is due to be dismissed. Defendant requests that the Court dismiss the Complaint with prejudice. Doc. No. 14 at 17. Conversely, the Plaintiff requests leave to file an amended complaint in the event the Motion is granted. Doc. No. 15 at 5, 8.

The Eleventh Circuit has held that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding that a district court is not required to sua sponte grant leave to amend to counseled plaintiffs who never requested leave to amend, but noting that this holding does not disturb a pro se litigant's right to amend). "While a pro se litigant must generally be given an opportunity to amend his complaint, a district court need not allow any amendment where amendment would be futile." *Lee v. Alachua County, Fla.*, 461 F. App'x 859, 860 (11th Cir.

2012) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell*, 510 F.3d at 1310.

Courts in this district addressing issues identical to the one at bar have reached different outcomes as to whether the complaint should be dismissed with prejudice or not. In *Pullar* and *Lane*, supra, the Court granted defendant's motion to dismiss the complaint with prejudice. *Pullar*, 2013 WL 2432147 at *2; *Lane*, 2013 WL 1296751 at *2; *see Lane, et al v. Guaranty Bank, et al*, 6:13-cv-85-Orl-18DAB, 2013 WL 2350481 at *2 (M.D. Fla. May 28, 2013) (denying plaintiff's motion for relief from the Court's April 1, 2013 order dismissing the complaint with prejudice because granting leave to file an amended complaint would have been futile). Conversely, in *Barrios*, supra, the Court dismissed the complaint without prejudice and granted plaintiff leave to file an amended complaint. *Barrios*, No. 5:13-cv-29, Doc. No. 31 at 4-5.[5]

Under the circumstances of this case, the undersigned believes that the Court should follow the approach used in *Barrios*. It is conceivable that Plaintiff could allege additional facts supporting his claim to quiet title. Further, Plaintiff's pro se status and the fact that he has not previously sought to amend the Complaint favor dismissal of the Complaint with leave to file an amended complaint. *Bank*, 928 F.2d at 1112. Accordingly, in an abundance of caution, it is **RECOMMENDED** that the Court **DISMISS** the Complaint with leave to file an amended complaint.

## IV.   CONCLUSION.

---

[5] In granting plaintiff leave to amend his complaint, the Court in *Barrios*, admonished plaintiff that "[t]he amended complaint shall not serve as an opportunity to add new claims. Rather, this represents a chance for Plaintiff to remedy the pleading deficiencies identified herein. If Plaintiff files an Amended Complaint that fails to comply with *Federal Rule of Civil Procedure* 11, the Court may consider sanctions against the Plaintiff." *Barrios*, No. 5:13-cv-29, Doc. No. 31 at 4-5.

Based on the forgoing, the undersigned **RECOMMENDS** that the Court:

1. **GRANT** the Motion (Doc. No. 14);

2. **DISMISS** the Complaint (Doc. No. 2); and

3. Grant Plaintiff leave to file an amended complaint.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 6, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy